Bowne et al.
v.
Graham.

Plaintiffs nonsuited.

*Cephas Smith*, junior, for the plaintiffs.
*Nathan B. Graham, pro se et al. def.*

———————

The Same *against* JOHN A. GRAHAM.

In case on the statute to recover the mesne profits of land levied upon by execution, the defendant is not estopped from showing that he had no title to or interest in the land.

CASE on the statute for mesne profits.

The plaintiffs declare, that by the consideration of the Circuit Court of the *United States*, holden at *Windsor* on the 5th day of *May*, A. D. 1801, they recovered judgment against the defendant for the sum of 2,704 dollars, damages and costs; that they took out their writ of execution, and delivered the same to the marshal's deputy, who, on the 4th of *July* following, levied it on a certain lot of land, (butted and bounded,) with the buildings thereon, in *Rutland*, &c. and perfected their levy by the 18th of the same month, by recording the process in the proper offices; that the defendant failing to pay the redemption money within the statute term of six months, the title of the land vested in them in fee by operation of law; that the defendant has continued in possession of the land from the day of the

date of the levy to the day of the impetration of the writ; that the land and buildings have yielded rents, profits and improvements to a large amount, from the 4th day of *July*, 1801, to the 4th day of *January*, 1802, being the mesne profits from the time of the levy of their said execution, until the expiration of six calender months ensuing, being the time allowed by law for the said defendant to have redeemed the same; that after having duly notified the defendant, they have caused the value of said rents, profits and improvements to be justly appraised, according to law, by three judicious and disinterested freeholders, who have appraised the same at the sum of 31 dols. 50 cts. with 3 dols. 25 cts. expense of appraisal, amounting in the whole to the sum of 34 dols. 75 cts. a certificate of which appraisal, under the hands of said appraisers, they have here ready in Court to be shown, when, &c.; that they have demanded the said lastmentioned sum of the defendant, who refused and neglected to pay the same; and that an action founded on the statute, entitled, an act directing the levying and serving executions, passed 7th day of *March*, 1797, hath accrued to them to have, receive, demand and recover the said sum of 34 dols. 75 cts. with additional damages and costs, &c. for which they bring suit, &c.

The defendant pleaded the general issue, which was joined and put to the Jury.

The plaintiffs showed a certified copy of their judgment, and of the levy of their execution, and the record of the process was conceded. They then showed a regular notification to the defendant, to agree upon the amount of the rent and profits, on the 9th of *January*, 1802, and an application to Mr. Justice

*Bowne et al.*
*v.*
*Graham.*

*Osgood*, and his appointment of appraisers, with their certificate of the amount and expense of appraisal, as set forth in the declaration.

It was conceded, that the defendant went into possession in the year 1789, and continued in possession until the year 1792; but it appeared in evidence, that the defendant had not been in actual possession of the land since the year 1796. The plaintiff now attempted to show that *Nathan B. Graham*, who was in possession at the date of the levy, and continued in possession during the time the mesne profits accrued, held under the defendant.

The defendant then offered to show an adverse possession in *Nathan B. Graham*. That on the 14th of *November*, 1795, by deed of that date, duly executed and recorded, the defendant conveyed the land to *Samuel Mattocks* in fee, who took actual possession. That on the 15th of *March*, 1797, *Mattocks*, by deed duly executed and recorded, conveyed his title to *John Robbins*, who, on the 7th of *November*, 1798, passed the fee by regular conveyance to *Stephen Williams*, who put *Nathan B. Graham* into possession, where he has continued under *Williams* ever since.

The plaintiffs' counsel objected to this testimony, insisting, that the defendant, by the operation of the levy, was estopped from showing title against the plaintiff.

*Sed per Curiam.* In an action of ejectment, or in trespass *quare clausum fregit*, where the validity of title may be brought in question, the defendant is estopped from impeaching his own title to the lands, which passed by the levy to his judgment creditors;

but the evidence offered is not brought directly to impeach the defendant's former title.

Bowne et al.
v.
Graham.

This is an action for the mesne profits, which accrued from the defendant's use and occupancy of the land, from the time of the levy of the execution to the expiration of the six months allowed by the statute to the defendant to redeem. The defence is, that the defendant has not been in possession during such time. The plaintiffs attempt to rebut this by showing, that although not in actual possession himself, he was by his tenant. To show that the actual possessor of the land was not his tenant, but held under a stranger, is certainly good showing by the defendant.

A judgment creditor may levy his execution at will on any lands which he esteems to be the debtor's. But if he levies on another's land, and institutes a suit for the mesne profits against his judgment debtor, surely it is a good defence in such action, to prove that the defendant never had *any interest* in the land, but that the fee is in a stranger; for if the defendant should be estopped from such showing, and upon after trial in ejectment this should prove to be the case, and the creditor should obtain an *alias* execution on *scire facias*, grounded on the mistake in his levy, under the 9th section of the act " directing the levying and serving executions," and the debtor should have had judgment rendered against him for the mesne profits of the land levied upon by mistake, he would suffer an injury in the face of common justice, and yet of doubtful remedy.

If an action of ejectment is brought against the debtor to recover the lands levied upon, he might

Bowne et al.
v.
Graham.

be estopped from showing that the fee is in another, because, whatever estate he held in the land levied upon would pass to the creditor by the levy; for as the fee passes by the operation of the levy and non-redemption, all his lesser tenures pass. *Majus continet in se minus.*

But a creditor cannot, by the levy of his execution on the lands of a stranger, charge the debtor with the mesne profits, even although the debtor should be in actual possession, and he might *possibly* maintain ejectment *as against him.*

Let the evidence be admitted.

The plaintiff's counsel now offered to read a mortgage deed of the land executed by the defendant to the plaintiff *Bowne, January,* 1794, antecedent to the defendant's deed to *Mattocks.*

*Sed per Curiam.* The mortgage deed cannot bear on the present issue. If one of the plaintiffs has a conditional estate on the land by mortgage, he will be secured in his rights by application to the Court of Chancery, and by a decree can obtain the sum for which the land is pledged, or on non-redemption render his estate absolute. The deed cannot be admitted.

The plaintiffs had leave to enter a nonsuit.

*Cephas Smith,* junior, for the plaintiffs.
Defendant, *pro se.*